# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA L. BLAREK,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.

                                      /

CASE NO. 12-10817

DISTRICT JUDGE VIRGINIA A. ROBERTS
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Roberts, this case was referred to the undersigned magistrate judge for general case management on February 23, 2012. Pursuant to the scheduling order, Plaintiff's motion and brief in support of his motion for summary judgment were due on or before June 21, 2012. On that date, Plaintiff's counsel filed a motion asking that the deadlines be extended due to staffing issues. The Court granted the motion, and set a new deadline of July 23, 2012, for Plaintiff's motion. On August 14, 2012, **two weeks after the motion deadline**, Plaintiff's counsel again filed a motion asking for an extension, and again blamed the delay on his

staff. The motion was granted, and a new deadline of August 22, 2012, was set for Plaintiff's motion. As of today, Plaintiff's counsel has failed to file the motion or seek another extension.

**B.     Discussion**

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

This is the second case this month involving this attorney where the same scenario has been addressed. The court takes note of the fact that this attorney has multiple Social Security cases in this Court, and there is a consistent history of failing to meet deadlines and placing the blame on his staff. This is a pattern of behavior the Court will not encourage or condone.

I therefore suggest that Defendant should not be further prejudiced by Plaintiff's failure to pursue his claims. This outcome is consistent with the prevailing practice throughout this circuit. *See,*

*e.g., Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)). *Contra Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010) (Friedman, J.) (quoting *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)).

### C.    Conclusion

Accordingly, because counsel for Plaintiff has repeatedly failed to comply with the Court's schedule, I conclude that he has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner.  As a result, I suggest that the case be dismissed with prejudice for failure to prosecute.

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

 s/ Charles E Binder
 CHARLES E. BINDER
Dated: September 11, 2012　　　　　　　　United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on Evan Zagoria, Frederick Daley, Jr., and Lynn Dodge.

Date:  September 11, 2012　　　　　　By      s/*Jean L. Broucek*
　　　　　　　　　　　　　　　　　　Case Manager to Magistrate Judge Binder