UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA L. BLAREK

                Plaintiff,              CASE NUMBER: 12- 10817
                                    HONORABLE VICTORIA A. ROBERTS

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant,

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE**

The Court dismissed Plaintiff's claim for social security disability benefits, for failure to prosecute. Barbara L. Blarek filed a Motion to Vacate pursuant to *Federal Rule of Civil Procedure 60(b)*, seeking relief from the Court's judgment.

Plaintiff is not entitled to relief. Under *Federal Rule of Procedure 60(b)*, a district court will grant relief from a final judgment or order only upon a showing of one of the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under *Rule 59(b)*; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Fed. R. Civ. P. 60(b)*.

In her brief, Plaintiff narrows her request for relief under *Rule 60(b)(1)*. A motion under *Rule 60(b)(1)* must show either "mistake, inadvertence, surprise, or excusable neglect." *Id.* A *Rule 60(b)(1)* motion is intended to provide relief to a party in only two instances: (1) when a party has made an excusable mistake or an attorney has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). When deciding on the issue of excusable neglect, the court not only examines the actions of the client but also the actions of client's counsel. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999). When deciding if the neglect is excusable, the Court must take account of (1) the danger of prejudice to the plaintiff; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; and (5) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Plaintiff filed a timely complaint with this Court on February 22, 2012, following an unfavorable decision from the Administrative Law Judge (ALJ) and Appeals Council. Defendant fully briefed the complaint. On May 21, 2012, Magistrate Judge Binder issued a Scheduling Order, setting deadlines for cross-motions for summary judgment. On June 21, 2012, Blarek's attorney, Frederick J. Daley, Jr., filed a Motion to Extend the briefing schedule because of an "unexpected family emergency" affecting Daley, and staffing issues in his law firm. Magistrate Judge Binder granted the extension and rescheduled the deadline for Plaintiff's motion to July 23, 2012.

On August 14, 2012, Daley filed an Ex Parte Motion to Extend, this time citing more staffing issues, an accident involving outside counsel assisting on Blarek's case, and family obligations affecting Daley. Again, Magistrate Judge Binder granted Plaintiff an extension and rescheduled the deadline for filing of her motion to August 22, 2012. That motion was never filed. On September 11, 2012, Magistrate Judge Binder issued a Report and Recommendation, recommending that Plaintiff's case be dismissed, with prejudice, for failure to prosecute, pursuant to *Federal Rule of Civil Procedure 41(b)*. The Court adopted the Report and Recommendation and dismissed Plaintiff's complaint. On November 16, 2012, Plaintiff filed a Motion to Vacate Judgment pursuant to *Federal Rule of Civil Procedure 60(b)*.

The danger of prejudice to Blarek and the impact on judicial proceedings may not be overwhelming. However, Blarek's reasons for delay are unsatisfactory. Daley could have objected to Magistrate Judge Binder's Report and Recommendation even after the fourteen day deadline (since the Court did not adopt the Report and Recommendation until a month after its issuance). Daley failed to do this, citing problems with receiving emails from both the Court and his own staff, and also problems with his paralegal.

The Court gives little weight to the fact that Plaintiff's counsel was experiencing upheaval in his law practice when he had deadlines to meet. *Pioneer*, 507 U.S. at 398. *See also Deym v. von Fragstein*, No. 97-3097, 97-3127, 1997 U.S. App. LEXIS 28889, at *6 (6th Cir. Oct. 16, 1997) (finding little weight in the reason of "loss of a long-term paralegal assistant, illness of an entrusted associate, and an extraordinary personal workload," for excusable neglect).

While the Court is hesitant to punish the Plaintiff for her counsel's neglect, the Supreme Court holds that clients are accountable for the actions of their counsel, even if the result is what seems to be an unjust penalty on the client. *Pioneer*, 507 U.S. at 396.

Finally, even if the Court considers the merits of Plaintiff's motion under *Federal Rule of Civil Procedure 60(b)(6)*—as she requests the Court to do in the interest of justice—she would not be entitled to relief from judgment. When reviewing the decision of an ALJ, the Court must stay the Commissioner's decision if the decision is supported by substantial evidence, even if the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Defendant properly supported its decision to give no weight to the Questionnaire written by the treating physician, Dr. Tara Lang Scott, pursuant to 20 C.F.R. 404.1527(c)(2). Additionally, the Commissioner could have determined that Plaintiff was not disabled based on the testimony of vocational expert, Michael Rosko, and the Dictionary of Occupational Titles. Accordingly, the Court finds that the Commissioner's decision is supported by substantial evidence. The Court **DENIES** Plaintiff's motion.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 6/14/13

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2013.

S/Linda Vertriest
Deputy Clerk